cdw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **03-61664 CIV-DIMITROULEAS**

**MAGISTRATE JUDGE SELTZER**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SEVENTEEN THOUSAND DOLLARS ($17,000.00) IN UNITED STATES CURRENCY,

Defendant.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The plaintiff, the United States of America, hereby files this Verified Complaint for Forfeiture *In Rem* and states the following:

1. This is a civil action for forfeiture *in rem* against Seventeen Thousand Dollars ($17,000.00) in United States Currency (hereinafter referred to as the "defendant currency").

2. Jurisdiction is vested in this Court, pursuant to Title 28, United States Code, Sections 1331, 1333, 1345, and 1355.



3. Venue lies in this district, pursuant to Title 28, United States Code, Section 1395 (a) and (b) because the defendant currency is located within the Southern District of Florida and will remain so during the pendency of this action.

4. The United States of America seeks forfeiture of the defendant currency, pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance; and/or is proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate the exchange of a controlled substance or any other violation of Title 21,United States Code, Sections 801 *et. seq.*

## FACTUAL BACKGROUND

5. On March 4, 2004, detectives from the Broward Sheriff's Office (BSO) received an anonymous tip that an individual named Henry Roche (Roche) had several outstanding felony warrants against him and that Roche would be in a silver-colored Nissan Altima with tinted windows, chrome rims, and a temporary tag on the back of the vehicle.

6. The anonymous tipster additionally advised that Roche was heading to Somerset Apartments in Lauderdale Lakes, Florida.

7. Upon receiving this information, law enforcement personnel confirmed that an individual named Henry Roche in fact had outstanding warrants pending against him and thereafter obtained a photograph of Roche.

8. BSO detectives subsequently set up surveillance in the parking lot of Somerset Apartments, and a vehicle matching the description provided by the tipster was

2

observed pulling into the apartment complex.

9. BSO detectives additionally observed that there was an individual riding in the front passenger's seat of the vehicle who matched the photograph obtained by law enforcement officials/personnel of an individual named Henry Roche.

10. BSO detectives followed the vehicle until the driver of the vehicle was observed pulling into a parking space.

11. Roche and an individual later determined to be Joseph Wilner (Wilner) were observed engaging in a hand-to-hand transaction involving currency and, as later admitted by Wilner, marijuana.

12. BSO detectives then approached the vehicle and made contact with the occupants, Roche, Wilner, and an individual named Kelvin Baptiste (Baptiste).

13. Roche's identity was confirmed by BSO detectives, as well as the existence of multiple outstanding felony warrants against him; and he was thereafter arrested.

14. When BSO detectives came into contact with Wilner, a small baggie of marijuana was observed in the door handle next to him in plain view. Wilner was also found to be in possession of additional marijuana in his right front pants pocket and approximately Two Thousand Two Hundred and Seven Dollars ($2,207.00) in United States Currency in his left front pants pocket. The currency was observed to be folded in a manner consistent with street-level narcotics proceeds.

15. All occupants of the vehicle were then read their rights pursuant to Miranda v. Arizona.[1]

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966)

16. Roche then told law enforcement officials that he had just purchased the marijuana in his possession from Wilner in the parking lot of Somerset Apartments.

17. Wilner then advised law enforcement officials that he had approximately seven (7) grams of marijuana on his person.

18. Baptiste, who was not even being questioned at the time by law enforcement officials, voluntarily offered that he had approximately three (3) bags of marijuana in his pants pocket.

19. A narcotics canine was called to the scene, and an examination of the interior of the vehicle was conducted.

20. The narcotics canine positively alerted to the presence of an odor of a controlled substance on a liquor box on the backseat of the vehicle.

21. The box was thereafter opened, and Sixteen Thousand Dollars ($16,000.00) in United States Currency was contained therein. BSO detectives observed that the currency was packed in One Thousand Dollar ($1,000.00) bundles.

22. An additional One Thousand Dollars ($1,000.00) in United States Currency was located underneath the box.

23. When the occupants of the vehicle were initially asked what was contained in the liquor box, Wilner stated that there was liquor in the box and Roche and Baptiste denied knowing what was inside of the box.

24. All occupants of the vehicle were arrested and transported to jail.

25. Special Agents of the United States Drug Enforcement Administration were subsequently summoned to the jail, and the arrestees were again advised of their

rights pursuant to <u>Miranda v. Arizona</u>.

26. Baptiste now claimed ownership of the money.

27. Upon being questioned regarding the currency, Baptiste provided numerous conflicting statements regarding the origin and/or purpose of his possession of the currency.

28. The currency was thereafter seized for federal forfeiture, and the Government accordingly files this Verified Complaint for Forfeiture *In Rem* for said currency.

## FORFEITURE ALLEGATION

By reason of the foregoing, the defendant currency has become and is forfeited to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6) on the grounds that the currency was furnished or intended to be furnished in exchange for a controlled substance; and/or is proceeds traceable to such an exchange; and/or was used or intended to be used to facilitate the exchange of a controlled substance or any other violation of Title 21,United States Code, Sections 801 *et. seq.*

**WHEREFORE,** based upon the allegations contained herein, the plaintiff, the United States of America, requests that process in due of law according to the procedures of the Court in causes of actions *in rem* in accordance with the provisions of Rule C(3) of the Supplemental Rules of Certain Admiralty and Maritime Claims issue against the defendant currency; that any person or persons having any interest in the defendant currency be directed to appear herein and to answer this

Complaint; that this Court decree the condemnation and forfeiture of the defendant currency to the United States; and that the plaintiff have any such other and further relief as may be just and proper.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
      CAROL E. A. DEGRAFFENREIDT-WILLIS
      ASSISTANT UNITED STATES ATTORNEY
      FLORIDA BAR NO. 0642101
      500 East Broward Boulevard, Suite 700
      Fort Lauderdale, Florida 33394
      Tel: (954) 356-7314, Ext. 3616
      Fax: (954) 356-7180
      E-mail: Carol.Degraffenreidt-Willis@usdoj.gov



## **VERIFICATION**

I, Thomas A. Redpath, Special Agent of the United States Drug Enforcement Administration, declare under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that I have read the foregoing Complaint for Forfeiture *In Rem* and that the contents are true to the best of my knowledge and belief.

Executed on 28 August 2003

THOMAS T. REDPATH
SPECIAL AGENT
UNITED STATES DRUG ENFORCEMENT ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

03-61664

**DEFENDANTS**
SEVENTEEN THOUSAND DOLLARS ($17,000.00) IN UNITED STATES CURRENCY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

CIV-DIMITROULEAS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CAROL DEGRAFFENREIDT-WILLIS
500 E. Broward Blvd., Suite 700
FORT LAUDERDALE, FL 33394

ATTORNEYS (IF KNOWN)
MAGISTRATE JUDGE
SELTZER

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:03 CV 61664 WPD-Seltzer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | | B☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | B☐ 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title 21, United States Code, Section 881 (a)(6) - Proceeds

LENGTH OF TRIAL
3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JUDGE _____ DOCKET NUMBER _____

DATE 08-28-03

SIGNATURE OF ATTORNEY OF RECORD
Carol E.A. DeGraffenreidt-Willis [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT $60v4 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____